UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DBS CORPORATION, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:10-CV-154 |
| v. | ) | *Lee* |
| | ) | |
| REID CONSTRUCTION COMPANY, INC. | ) | |
| (ALABAMA) and THE HANOVER | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This is a suit for breach of contract between diverse parties. Plaintiff DBS Corporation ("DBS" or "Plaintiff") of Tennessee has brought suit in its home forum against Defendant Reid Construction Company ("Reid") of Georgia. DBS alleges Reid failed to perform its obligations under a contract executed in Tennessee for a project to be constructed in South Carolina. DBS has also sued Defendant Hanover Insurance Company ("Hanover"), Reid's surety, for failure to make payments required in the event of Reid's default.

Before the Court is Reid's motion to dismiss or transfer the action to South Carolina. [Doc. 17]. Reid argues venue is lacking in this Court, and even if venue is technically proper, the action should be transferred to South Carolina for the convenience of the parties and witnesses. Reid also argues the Court should abstain from hearing this case due to the existence of a parallel state court proceeding. Hanover has filed a brief in support of Reid's motion, arguing that the surety bond was issued in South Carolina and has no connection to Tennessee. For the reasons below, Reid's motion to dismiss, stay, or transfer [Doc. 17] will be **DENIED**.

**I.     BACKGROUND**

DBS is a Tennessee corporation headquartered in Chattanooga, Tennessee [Doc. 1 at ¶ 1]. Reid is headquartered in Georgia [Doc. 20 at ¶ 3], and Hanover is organized under the laws of a state other than Tennessee, with its headquarters in Massachusetts [Doc. 1 at ¶ 3; Doc. 12 at ¶ 3]. According to the complaint, DBS was the general contractor for the construction of a Wal-Mart store in South Carolina.  DBS entered into a subcontract with Reid to perform part of the work (the "Subcontract").  DBS and Reid negotiated and executed the Subcontract in Tennessee, and Reid's president has since visited DBS offices in Tennessee to discuss issues related to the Subcontract [Doc. 24 at ¶¶ 2-4]. The Subcontract required Reid to obtain a surety bond, and Reid contracted with Hanover to fulfill that obligation [Doc. 1 at ¶ 7; Doc. 1-2].

DBS alleges that the Subcontract also required Reid to seek prior authorization from DBS before subcontracting portions of its work to another entity [Doc. 1 at ¶ 8]. DBS alleges that Reid unilaterally and without seeking prior authorization delegated portions of its work to The Westbrook Company, Inc. ("Westbrook") [Doc. 1 at ¶ 8]. According to DBS, that is where the trouble began. DBS alleges that Westbrook failed to pay suppliers for its work on the project, causing those suppliers to assert lien and bond claims [Doc. 1 at ¶¶ 8-9]. Wal-Mart allegedly required DBS to keep the project free of liens, so DBS made a timely written demand that Reid cure the payment problems, and when Reid failed to do so, DBS made a timely written demand that Hanover, as surety, make the necessary payments [Doc. 1 at ¶¶ 9-12]. When Hanover, too, failed to make payments, DBS allegedly directly paid the third parties [Doc. 1 at ¶ 13]. DBS also apparently terminated the Subcontract, and alleges it has continued to incur costs while completing Reid's unfinished work [Doc. 1 at ¶ 14].

DBS filed suit in this Court on June 10, 2010, alleging breach of contract and breach of the covenant of good faith and fair dealing, and seeking recovery of debts incurred to cure payment defaults by Reid. Reid also seeks a declaratory judgment against Hanover. Hanover answered the complaint and objected to venue here, but did not file a motion seeking transfer. Reid, however, filed the instant motion to dismiss, arguing, among other things, it intended to file an action to foreclose a mechanic's lien asserted against the subject property. After DBS responded that this "hypothetical" lawsuit was of no legal consequence, Reid filed its action on the mechanic's lien in the Court of Common Pleas for Lancaster County, South Carolina, as required by South Carolina law [Doc. 28-2]. *See* S.C. Code Ann. § 29-5-140. DBS has procured a bond to discharge Reid's lien, but there is no evidence in the record that the bond has yet been filed with the clerk of court of Lancaster County, where the lien was filed [Doc. 24-1].[1] *See* S.C. Code Ann. § 29-5-110.

Because Reid's primary argument for transfer or dismissal relates to the inconvenience of its witnesses, Reid has submitted an affidavit listing its witnesses along with brief descriptions of their anticipated testimonies and their locations. It appears that many of the listed witnesses reside in South Carolina or within 100 miles (and the subpoena power) of the United States District Court for the District of South Carolina.[2] In particular, Westbrook, whose failure to pay suppliers allegedly prompted this dispute, is located in Charlotte, NC, within that 100-mile radius. In response, DBS has shown by affidavit that because it no longer has a field office in South Carolina, all its witnesses

---

[1] DBS has filed a copy of the bond with this Court, but it bears no indication of having been filed in South Carolina.

[2] Reid has invited the Court to take judicial notice, by use of internet mapping software, that the locations of its witnesses are within 100 miles of the District Court for the District of South Carolina. The Court has not done so, but because DBS has not argued otherwise, the Court accepts Reid's representations to that effect for purposes of this motion.

3

and documents are located at its headquarters in Chattanooga, Tennessee [Doc. 24 at ¶ 7].

## II. ANALYSIS

Reid advances several arguments for dismissal, transfer, or abstention. First, Reid argues that venue is lacking in this Court, and even if venue is technically proper, the case should be transferred to South Carolina for the convenience of the parties. Relatedly, Reid argues that the case should be dismissed or transferred under the doctrine of *forum non conveniens*. Last, Reid argues for abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

### A. *Colorado River* Abstention

Taking that last argument first, Reid seeks a stay of federal court proceedings during the pendency of the state court action on its mechanic's lien. "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction . . . .'" *Colorado River*, 424 U.S. at 817 (*quoting McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Abstention is "an extraordinary and narrow exception" to the rule that a federal court should "adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813. Before considering whether *Colorado River* abstention is appropriate, the court must determine whether there is a "parallel" state court proceeding to which the parties may be dismissed–i.e., a "substantially similar" case in which the interests being litigated are "congruent" with those in the federal action. *Romine v. Compuserve*, 160 F.3d 337, 339 (6th Cir. 1998). If there is such a proceeding, several factors inform the court's decision whether to abstain, including: (1) whether state or federal substantive law applies, (2) whether either court has assumed jurisdiction over any *res* or property, (3) the relative convenience of the fora, (4) avoidance of piecemeal litigation, (5) which case was filed first, (6) the progress that

4

has been made in each case, (7) the presence or absence of concurrent jurisdiction, and (8) the adequacy of the state court action to protect the federal plaintiff's rights. *Id.* at 340-41; *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984) (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)). "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819.

Here, assuming for the sake of argument that the state court action on Reid's mechanic's lien is actually parallel to DBS's breach of contract claim, the *Colorado River* factors do not provide the "clearest of justifications" for abstention. First, it is not clear at this juncture what state's law will govern the contract questions, but this Court is capable of applying Tennessee or South Carolina law, as the need may be.[3] Second, while the state court has assumed jurisdiction over the property, this Court's jurisdiction was invoked first. Third, there is no clear advantage of convenience favoring state court over federal court proceedings. Insofar as Reid argues it would be more convenient (geographically) to litigate the issues in South Carolina than Tennessee, Reid conflates the issue of abstention with venue, which is discussed separately below. Transfer to the District of South Carolina would adequately address Reid's geographical concerns. Reid has made no argument that it would be more convenient to try these issues in South Carolina *state* court (as opposed to the appropriate federal court) except to say that it would be convenient to try all the claims in the same forum. That is an argument against "piecemeal litigation," not an argument for "convenience." Furthermore, piecemeal litigation counsels against the exercise of federal jurisdiction only if there is some clear policy against resolving a dispute in multiple fora; otherwise, this factor would always

---

[3] DBS argues that Tennessee law will apply, but the issue has not yet been presented to the Court for decision, and the parties represented at the scheduling conference that they were not in agreement as to the governing substantive law.

weigh against jurisdiction.  *See Colorado River*, 424 U.S. at 819 (noting the existence of a clear federal policy to avoid piecemeal litigation).  There is no such policy here.  Rather, South Carolina law provides that an action on a mechanic's lien does not "prevent a creditor . . . from maintaining an action [on the contract] in like manner as if he had no such lien for the security of his debt."  S.C. Code Ann. §§ 29-5-140,-420.  *See also Sea Pines Co. v. Kiawah Island Co.*, 232 S.E.2d 501, 503 n.1 (S.C. 1977) (in a mechanic's lien case, noting the existence of a concurrent federal suit "involving some of the issues arguably for determination in this case").  Finally, although the state court may be able to adjudicate all the issues at once, a party has the right to bring an action in federal court when the prerequisites for diversity jurisdiction are present, and the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.  The Court **CONCLUDES** that under these circumstances, the existence of the later-filed state court action is no bar to the exercise of federal jurisdiction.

 B. **Venue**

Reid also argues that this case ought to be dismissed pursuant to 28 U.S.C. § 1406(a) or transferred pursuant to 28 U.S.C. § 1404(a).

 1. **Dismissal or Transfer under 28 U.S.C. § 1406(a).**

On a motion to dismiss for improper venue, the plaintiff bears the burden to show that venue is proper.  *Gone To The Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 536-37 (W.D. Tenn. 2006).  The court may look to facts outside the complaint, but must resolve factual disputes and draw all reasonable inferences in favor of the plaintiff.  *Id.* (quoting *Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)).  If venue is improper, the case may be either dismissed or transferred, if transfer is in the interest of justice, to a district where

6

venue is proper. 28 U.S.C. § 1406(a). When a case is brought on diversity jurisdiction, as here, venue is proper

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Reid argues that this case ought to have been brought in South Carolina, where the work under the Subcontract was performed (or not). That venue would have been proper in South Carolina, however, does not mean that it is not also proper here. Courts do not ask which venue is "best," but only whether the chosen forum has a "substantial connection" to the plaintiff's claim. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). For a breach of contract action, this "substantial connection" exists when the contract was executed within the district, *see Mafcote Indus. Inc. v. Houchins*, 2000 WL 32058, at *2 (6th Cir. 2000) (Table) (indicating that if the defendant had signed an agreement on her own behalf in the district, venue would have been proper for a suit alleging breach of that agreement); *MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729 (E.D. Mich. 1998) ("negotiation and execution" of the contract supported venue), or when payments were made from within the district, *see PTG Logistics, LLC v. Bickel's Snack Foods, Inc.*, 196 F. Supp. 2d 593, 604 (S.D. Ohio 2002).

The Court **CONCLUDES**, as DBS argues, venue is proper here because the Subcontract was negotiated and executed here; DBS performed its part of the Subcontract (making payments) from its Chattanooga office; and Reid's representative traveled to Chattanooga to discuss the performance

7

of the contract.

### 2. Transfer under 28 U.S.C. § 1404(a).

Even if venue is technically proper in the plaintiff's chosen forum, the court may nonetheless transfer the case to any other district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). *See also Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). In evaluating the statutory factors, courts consider the location of evidence, the availability of process to make reluctant witnesses testify, the costs of obtaining willing witnesses, efficiency, and expense. *See Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (approving of the trial court's consideration of these factors). Only if the balance weighs "strongly" in favor of transfer should the plaintiff's choice of forum be disturbed. *Id.* (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)). Deference to the plaintiff's choice of forum is highest where, as here, the plaintiff resides in the chosen district. *See Lafrance v. Grand River Navigation Co.*, 2008 WL 5413078, at *3 (E.D. Mich. 2008).

For the *parties*, the balance of convenience weighs slightly in favor of trial here. Reid is a Georgia corporation, and Reid accordingly concedes that it "will be inconvenienced . . . regardless of whether the case is tried in this Court or the District of South Carolina." Reid also acknowledges that the Chattanooga-based DBS would suffer greater inconvenience if this action were transferred to South Carolina. To be sure, DBS will likely be forced to travel to South Carolina to defend against Reid's state court action, mitigating the inconvenience of transfer, and Reid will be prosecuting its lien action in South Carolina, creating some inconvenience if Reid is forced to put on a defense here at the same time. Practically, however, the parties may be able to schedule the trial

8

of the later-filed state court action to avoid duplicative efforts. For that reason, the convenience to DBS of litigating in its home forum is of paramount significance.

Reid's primary arguments in support of transfer relate to the location of evidence and the convenience of its witnesses. Reid anticipates that in order to determine whether there was a breach of the contract (and the damages for any breach), the trier of fact must determine what work was done by Reid and its subcontractors and suppliers. As such, Reid argues, this litigation will require discovery and testimony relating to the "actual events, communications, and decisions" during the construction of the project, and not merely an analysis of accounting records or a construction of the contract language. The witnesses on these issues, according to Reid, are in South Carolina or at least within the subpoena power of the federal court there.

The Court **CONCLUDES** that the benefit of convenience to witnesses from trying the case in South Carolina is not weighty enough to overcome the strong presumption in favor of Plaintiff's chosen forum in this case. First, the evidence and witnesses may be located primarily in or near the project, but nothing prevents the parties from conducting discovery at those locales, and there is no indication the trier of fact would be aided by an inspection of the project grounds. Second, it appears that many of Reid's witnesses will be forced to travel some distance whether the trial is held here or in South Carolina, while Plaintiff's witnesses are all located here. Third, and significantly, Reid has not shown that any of its witnesses will be unwilling to attend trial here. Reid speculates that Westbrook's agents and employees will be unwilling to be deposed or attend trial, but Reid may subpoena such persons for deposition, *see* Fed. R. Civ. P. 45, and Reid has not shown any reason that testimony by deposition would be insufficient to protect its interests at trial, *see* Fed. R. Civ. P. 32(a)(4)(B).

9

In sum, while Reid has made a strong showing that it would be more convenient for *Reid* to try this case in South Carolina, Reid has not shown that transfer would result in a *net* gain in convenience or efficiency. Transfer, while within the discretion of the trial court, is not appropriate to deprive the plaintiff of its chosen forum only to shift the balance of convenience to its opponent. *Cincinnati Ins. Co. v. O'Leary Paint Co.*, 676 F. Supp. 2d 623, 630 (W.D. Mich. 2009).

### C. *Forum Non Conveniens*

Finally, Reid invokes the common-law doctrine of *forum non conveniens*, which is essentially a "supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *American Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994). As discussed above, the venue statutes at 28 U.S.C. §§ 1404 and 1406 broadly address the transfer and dismissal of cases brought in federal court, and the common-law doctrine of *forum non conveniens* is of correspondingly narrow scope: it applies "only in cases where the alternative forum is abroad, . . . and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Corp. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429-30 (2007).

Reid acknowledges that dismissal where the alternate forum is a state court is "rare," but argues that this case should be dismissed because it would be more convenient for the parties and witnesses and would better serve the interests of justice if DBS's action were tried alongside Reid's action on the mechanic's lien in South Carolina state court. Again, Reid's geographical concerns are adequately addressed by 28 U.S.C. § 1404(a), which the Court has determined favors keeping the case here. Because the Court finds that these considerations do not justify even an involuntary transfer, then *a fortiori*, they do not justify dismissal. Thus, inasmuch as Reid's *forum non*

10

*conveniens* argument duplicates its argument in favor of transfer, it will not be addressed separately. See *Carroll v. Blumaq Corp.*, 2009 WL 3784608, at *3 (E.D. Tenn. 2009) (agreeing that dismissal for *forum non conveniens* is "too harsh a remedy" where transfer could address the defendant's "convenience" concerns).

On the other hand, Reid also argues it would be more convenient to litigate DBS's claims in state court than *any* federal court. Reid argues, essentially, that the state court where the property is located is uniquely able to resolve the parties' entire dispute. When there is another available forum, the trial court has discretion to decline jurisdiction based on a balancing of "private" factors (e.g., access to evidence, subpoena power over unwilling witnesses, cost of obtaining witness attendance, and other practical considerations) and "public" factors (e.g., court congestion, deciding localized controversies locally, the burden of jury duty on the citizens of a forum with no connection to the litigation, and the difficulties in applying foreign law). *Thomson ex rel. Rakestraw v. Toyota Motor Corp.*, 545 F.3d 357, 364 (6th Cir. 2008). The party invoking the doctrine bears a "heavy burden" in opposing the plaintiff's chosen forum, especially when the plaintiff initiates the litigation in its home forum. *Sinochem Int'l Corp. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

Many of these factors have been discussed above in connection with transfer or abstention, and the Court concludes for the reasons explained above that this district is not a *forum non conveniens*. None of the remaining factors alters this conclusion. This Court's docket is not so congested that it cannot timely try the matter. Nor is this a "local" South Carolina controversy; it is a dispute between contractors from Tennessee and Georgia who entered an agreement involving a project in South Carolina. Finally, DBS's connection to this forum is more than sufficient to justify the burden of jury duty on its citizens. In conclusion, Reid has not met its "heavy burden"

11

to show that this is the "rare" case where a properly instituted federal action should be dismissed to a state's court.

## III. CONCLUSION

The Court observes that this dispute arose from a contract negotiated by parties sophisticated enough to conduct business in foreign states. Reid's protest of this forum should therefore be considered in light of the absence of a forum selection clause. By failing to include such a clause, the parties each reserved the right to bring suit wherever the law would allow. DBS has exercised its right to bring suit here, and the Court will not deprive it of the benefit of that choice. Reid's motion to dismiss or transfer [Doc. 17] is **DENIED**. Reid shall answer DBS's complaint within **14 days** of the entry of this order. See Fed. R. Civ. P. 12(a)(4)(A).[4]

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4] This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of any document maintained by any other public or private organization.